IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHELTER MUTUAL INSURANCE )
COMPANY, )
 )
              Plaintiff, )
 )
vs. ) Case No. CIV-13-1019-C
 )
JAMES SWIGART, et. al., )
 )
              Defendants. )

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's opposed Motion for Court Order to Obtain Records (Dkt. No. 47). Defendants Steve Meiwes, individually, Amber Meiwes, individually, M.M., a minor daughter of Steve and Amber Meiwes, and B.M., a minor daughter of Steve and Amber Meiwes (collectively, "Defendants"), filed a response objecting to the motion.

Discovery in this action entails records about minors. The state agencies holding these records are bound by state law. 10A Okla. Stat. § 1-6-102(A) mandates that juvenile court records, agency records, district attorney records, law enforcement records, and social records of children are confidential. Release of these records for discovery requires a court order. 10A Okla. Stat. § 1-6-102(C). Pursuant to 10A Okla. Stat. § 1-6-102, Plaintiff filed the present motion.

Although the relevance of the requested records is not in dispute, Defendants object to Plaintiff's motion for several reasons: (1) Defendants argue that some of the records sought are not governed by 10A Okla. Stat. § 1-6-102 and thus should be obtained pursuant

to subpoena rather than a court order; (2) Defendants argue that several of the records are privileged; and (3) Defendants argue that 10A Okla. Stat. § 1-6-102 invokes substantive law, and thus the Court must follow the procedures of that state statute, not the Federal Rules of Civil Procedure.

Defendants argue that because items 7-10 pertain to adult Defendant Mia Swigart's operation of an unlicensed daycare facility, the records do not involve juveniles or juvenile proceedings and a court order is not the appropriate means of discovery. However, Plaintiff asserts that investigation of the minor Swigart sons and Mia Swigart are interrelated. Plaintiff's counsel states in a sworn affidavit that the Canadian County Sheriff's Office advised that documents pertaining to conduct of the Swigart sons were obtained during the investigation of Mia Swigart and "would not be produced absent a court order." (Pl.'s Reply, Dkt. No. 49, Ex. 2.) Plaintiff states that it has obtained all records available to the public. Therefore, a court order is appropriate to facilitate production of any relevant confidential documents.

Defendants argue that several of the requests seek records that are privileged as "work-product" pursuant to the Oklahoma Criminal Discovery Code, 22 Okla. Stat. § 2002(E)(3). State privilege laws do govern in federal civil cases based on state law claims. Fed. R. Evid. 501. However, the Defendants' argument is without merit. The requests seek records from district attorneys and investigators representing the State of Oklahoma. Even if the Court were to apply a criminal procedure statute to a civil case, it is the district attorneys and investigators who have standing to assert the privilege, not the Defendants.

2

Defendants also argue that some material sought is privileged pursuant to 43A Okla. Stat. § 1-109, which holds that all mental health information and all communications between a licensed mental health professional and a consumer are privileged. Defendants state that M.M. and B.M. underwent counseling that was organized by DHS or the State. Defendants do have standing to assert the privilege. Therefore, any records sought pertaining to M.M.'s and B.M.'s counseling are privileged and are not subject to disclosure.

Defendants' final argument is that the State interest in protecting the confidentiality of children's records requires the Court to follow the procedure outlined in 10A Okla. Stat. § 1-6-102. However, "federal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965). 10A Okla. Stat. § 1-6-102(E) does not invoke substantive rights; it outlines the procedure for discovery of confidential documents. "Discovery in the federal courts is governed by federal law as set forth in the Federal Rules of Civil Procedure, whether federal jurisdiction is based on the existence of a federal question or on diversity of citizenship." Everitt v. Brezzel, 750 F.Supp. 1063, 1065 (D. Colo. 1990) (citing Sibbach v. Wilson & Co., 312 U.S. 1 (1941)). Fed. R. Evid. 501 is not applicable because 10A Okla. Stat. § 1-6-102 "does not give the documents at issue any privileged status and [thus] Fed. R. Civ. Proc. 26 governs their discoverability." Evans v. City of Tulsa, No. 08-CV-547-JHP-TLW, 2009 WL 3254907, at *2 (N.D. Okla. Oct. 7, 2009). While the court recognizes the important privacy interests involved, "[t]he Federal Rules of Civil Procedure provide ample means to protect the confidentiality of the

documents." Id. Furthermore, all records produced are subject to the Agreed Protective Order (Dkt. No. 38) previously entered by the Court.

Accordingly, and for compelling reasons shown, Plaintiff's Motion for Court Order to Obtain Records (Dkt. No. 47) is GRANTED IN PART and DENIED IN PART. A separate Order will be entered.

IT IS SO ORDERED this 18th day of September, 2014.

ROBIN J. CAUTHRON
United States District Judge